IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 22-13145-pmm |
| | : | |
| Patrick W. Skinner | : | Chapter 13 |
| | : | |
| Debtor | : | |

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE'S
RESPONSE TO DEBTOR'S MOTION TO AVOID LIENS
OF THE PENNSYLVANIA DEPARTMENT OF REVENUE**

Commonwealth of Pennsylvania, Department of Revenue ("PA Revenue"), by and through its attorney, Brad G. Kubisiak, Deputy Attorney General, files its Response to Debtor's Motion to Avoid Liens of the Pennsylvania Department of Revenue, and in support thereof, avers as follows:

1. Admitted.

2. Denied. PA Revenue's liens are *statutory liens*, not judicial liens, since these liens arise from Debtor's failure to pay his personal income tax. *See In re Schnick*, 418 F.3d 321, 324 (3d Cir. 2005) ("[T]he legislative history indicates that…tax liens, are types of statutory liens"); *see also In re Aikens* 87 B.R. 350, 355 (Bankr. E.D.P.A. 1988) ("Tax liens are expressly said to be statutory liens and hence are not avoidable under § 522(f)(1) either.").

3. Admitted.

4. PA Revenue is unable to admit or deny the averments in this paragraph.

5. Denied. The Schedule A/B filed in this matter lists the current value of 3889 Elizabethtown Road, Manheim, PA 17545 as $614,300.00.

6. Admitted.

7. Denied. 11 U.S.C. § 522(f) allows for debtor to avoid the fixing of *judicial liens* that impair an exemption to which the debtor would have otherwise been entitled to. PA Revenue's liens are *statutory liens*, not judicial liens, and, therefore, are not subject to lien avoidance under

section 522(f) of the Bankruptcy Code. *See In re Schnick*, 418 F.3d 321, 324 (3d Cir. 2005) ("[T]he legislative history indicates that…tax liens, are types of statutory liens"); *see also In re Aikens* 87 B.R. 350, 355 (Bankr. E.D.P.A. 1988) ("Tax liens are expressly said to be statutory liens and hence are not avoidable under § 522(f)(1) either.").

8.    Denied.    11 U.S.C. § 522(f) allows for debtor to avoid the fixing of *judicial liens* that impair an exemption to which the debtor would have otherwise been entitled to. PA Revenue's liens are *statutory liens*, not judicial liens, and, therefore, are not subject to lien avoidance under section 522(f) of the Bankruptcy Code. *See In re Schnick*, 418 F.3d 321, 324 (3d Cir. 2005) ("[T]he legislative history indicates that…tax liens, are types of statutory liens"); *see also In re Aikens* 87 B.R. 350, 355 (Bankr. E.D.P.A. 1988) ("Tax liens are expressly said to be statutory liens and hence are not avoidable under § 522(f)(1) either.").

**WHEREFORE**, Commonwealth of Pennsylvania, Department of Revenue respectfully requests that this Honorable Court deny Debtor's Motion to Avoid Liens of the Pennsylvania Department of Revenue.

MICHELLE A. HENRY
Attorney General

Date:  June 27, 2023                              By:  _____
                                                       BRAD G. KUBISIAK
COMMONWEALTH OF PENNSYLVANIA                           Deputy Attorney General
OFFICE OF ATTORNEY GENERAL                             Attorney I.D. #315714
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Tel: (215)560-2133                                     MELISSA L. VAN ECK
Fax: (717) 772-4526                                    Chief Deputy Attorney General
Email: bkubisiak@attorneygeneral.gov                   Financial Enforcement Section